IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IRON OAK TECHNOLOGIES, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC., and ZTE (TX) INC.,<br>    *Defendants*. | CASE NO.  3:17-cv-3112<br><br><br>**JURY** |

## ORIGINAL COMPLAINT

For its complaint against defendants ZTE Corporation, ZTE (USA) Inc., and ZTE (TX) Inc., plaintiff Iron Oak Technologies, LLC ("Iron Oak") alleges:

## PARTIES

1. Plaintiff Iron Oak is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 3605 Scranton Drive, Richland Hills, Texas, 76118. Iron Oak is a technology development company wholly-owned by prolific inventors William (Bill) C. Kennedy III of Dallas and Kenneth R. Westerlage of Ft. Worth. Mr. Kennedy and/or Mr. Westerlage are named inventors on each of the 22 patents owned by Iron Oak.

2. Defendant ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nansham District, Shenzhen, Guangdong Province, P.R. China 518057. ZTE Corporation may be served with process at its principal place of business.

The contentions in this paragraph will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

3. Defendant ZTE (USA) Inc. is a New Jersey corporation with a principal place of business 33 Wood Avenue South, 7th Floor, Iselin, NJ 08830. ZTE (USA) Inc. is registered to do business in Texas and may be served with process through its designated agent, Incorp Services, Inc., 815 Brazos, Suite 500, Richardson, Texas 78701.

4. Defendant ZTE (TX) Inc. is a Texas corporation with a principal place of business at 1900 McCarthy Blvd., Suite 42, Milpitas, CA 95035. ZTE (TX) Inc. may be served with process through its designated agent, Ferguson, Braswell & Fraser, 2500 Dallas Parkway, Suite 600, Plano, TX 75093.

## NATURE OF ACTION, JURISDICTION AND VENUE

5. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 1 et seq.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and § 1338 (Patent, Trademark and Unfair Competition).

7. Venue is proper in this district against defendant ZTE Corporation under 28 U.S.C. § 1391(c)(2) and/or (3), and 1400(b) at least because defendant ZTE Corporation has committed acts of infringement in this district is subject to personal jurisdiction based on its acts in this district.

8. Venue is proper in this district against defendant ZTE (USA) Inc. under 28 U.S.C. § 1391(c)(2) and 1400(b) at least because defendant ZTE (USA) Inc. has committed acts of infringement in this district and has a regular and established place of business in this district at 2425 N. Central Expy, Suite 800, Richardson, TX 75080.

9.      Venue is proper in this district against ZTE (TX) Inc. under 28 U.S.C. § 1391(c)(2) and 1400(b) at least because defendant ZTE (TX) Inc. resides in this district, and has committed acts of infringement in this district and has a regular and established place of business in this district at 2425 N. Central Expy, Suite 800, Richardson, TX 75080.

### FACTS COMMON TO ALL COUNTS

10.     Iron Oak is the owner through assignment of U.S. Patent No. 5,699,275 issued December 16, 1997 ("the '275 Patent"), which is valid and enforceable.  The '275 Patent is directed to a system and method for remote patching of operating code located in a mobile unit. A true and correct copy of the '275 patent is attached as Exhibit A.

11.     Iron Oak is the owner through assignment of U.S. Patent No. 5,966,658 issued October 12, 1999 (the '658 Patent"), which is valid and enforceable.  The '658 Patent is directed to the automated selection of a communication path.  A true and correct copy of the '658 patent is attached as Exhibit B.

## COUNT I

### Infringement of the '275 Patent

12. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

13. Defendants have committed acts of direct and indirect patent infringement of the '275 Patent by making, using, selling, offering to sell, and importing products, including but not limited to the products described in Exhibit F ("accused products"), for at least the reasons described therein.

14. In addition to directly infringing the '275 Patent through making, using, selling, offering to sell, and importing the accused products, the use of Defendants' accused products by others, as intended by Defendants and in accordance with instructions provided by Defendants, directly infringes the '275 Patent. Specifically, Defendants sell the accused products to customers in the United States with the expectation and intent that such customers will use and/or resell the accused products thereby directly infringing the '275 Patent. As such, Defendants have induced infringement of the '275 Patent.

15. Defendants' accused products are not staple articles of commerce and have no substantial uses that do not infringe the '275 Patent. Specifically, because Defendants' accused products themselves infringe the '275 Patent, any use or sale thereof infringes the '275 Patent. As such, Defendants' sale, offering for sale and importation into the United States of Defendants' accused products also constitutes contributory infringement of the '275 Patent.

16. At all relevant times, Plaintiff has complied with any applicable obligations required by 35 U.S.C. § 287.

17. Iron Oak has been damaged as a result of Defendants' infringing conduct. Defendants, thus, are reliable to Iron Oak in an amount that adequately compensates it for which, by law, cannot be less than a reasonable royalty, together with interest and costs, including lost profits, as affixed by this Court under 35 U.S.C. § 284.

## COUNT II

### Infringement of the '658 Patent

18. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

19. Defendants have committed acts of direct and indirect patent infringement of the '658 Patent by making, using, selling, offering to sell, and importing products, including but not limited to the products described in Exhibit F ("accused products"), for at least the reasons described therein.

20. In addition to directly infringing the '658 Patent through making, using, selling, offering to sell, and importing the accused products, the use of Defendants' accused products by others, as intended by Defendants and in accordance with instructions provided by Defendants, directly infringes the '658 Patent. Specifically, Defendants sell its accused products to customers in the United States with the expectation and intent that such customers will use and/or resell the accused products thereby directly infringing the '658 Patent. As such, Defendants have induced infringement of the '658 Patent.

21. Defendants' accused products are not staple articles of commerce and have no substantial uses that do not infringe the '658 Patent. Specifically, because Defendants' accused products themselves infringe the '658 Patent, any use or sale thereof infringes the '658 Patent. As such, Defendants' sale, offering for sale and importation into the United States of Defendants' accused products also constitutes contributory infringement of the '658 Patent.

22. At all relevant times, Plaintiff has complied with any applicable obligations required by 35 U.S.C. § 287.

23. Iron Oak has been damaged as a result of Defendants' infringing conduct. Defendants, thus, are liable to Iron Oak in an amount that adequately compensates it for, which, by law, cannot be less than a reasonable royalty, together with interest and costs, including lost profits, as affixed by this Court under 35 U.S.C. § 284.

### PRAYER

**WHEREFORE**, Iron Oak requests judgment against Defendants as follows:

1. An award of damages, increased as deemed appropriate by the court, under 35 U.S.C. § 284;

2. An award of attorneys' fees under 35 U.S.C. § 285;

3. An award of prejudgment interest and costs of the action; and

4. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

November 13, 2017

Respectfully submitted,

/s/ Albert B. Deaver, Jr.
Robert J. McAughan, Jr.
TX State Bar No. 00786096
bmcaughan@smd-iplaw.com
Albert B. Deaver, Jr.
TX Bar No. 05703800
adeaver@smd-iplaw.com
SUTTON MCAUGHAN DEAVER PLLC
Three Riverway, Suite 900
Houston, TX 77056
(713) 800-5700 (T)
(713) 800-5699 (F)

*Attorneys for Plaintiff*
*Iron Oak Technologies, LLC*